EDWARD VANZANT and WIFE *v.* HENRY F. SHELTON.

1. PLEADING: DEPARTURE IN: LEASE IN JUDGMENT.—Plaintiffs in error sued defendant for money paid, and for money had and received. Defendant pleaded the general issue and payment, and relied as a setoff for money due from plaintiffs for rent of a hotel, and for money paid for plaintiffs' use. Plaintiffs, the suit

Vanzant et ux. *v.* Shelton.

having been brought in name of husband and wife for the enforcement of a claim of the wife's, replied that she is not liable for the set-off of the defendant, because of her coverture. Defendant rejoined that the sum claimed in the declaration was not paid for his use, but was paid on a parol contract for the purchase of a hotel, and the contract being invalid, and plaintiffs having refused to perform the same, that the money was applied to his claim for use and occupation of the premises. Held — That defendant's rejoinder was a departure from the defense set up in the plea of payment, and should have been presented under the plea of the general issue.

2. PLEADING : PLEA OF PAYMENT WITH BILL OF PARTICULARS: REPLICATION MUST NOT PUT IN ISSUE MATTERS CONTAINED IN BILL OF PARTICULARS: CASE IN JUDG-MENT.—It is inadmissible, in a replication to a plea of payment, with a bill of particulars, to put in issue matters contained in the bill of particulars. Defendant, to an action for money paid, etc., pleaded payment, and filed, as a set-off, money paid for the use and occupation of a hotel. Plaintiff replied, that she was a married woman, and therefore not liable. Held—That the replication was bad, because it put in issue not the matter stated in the plea, but that contained in the bill of particulars, and the defense should have been presented by taking issue on the plea of payment.

3. PLEADING : PLEA OF PAYMENT: BILL OF PARTICULARS.—In a plea of payment, a bill of particulars is necessary to enable the defendant to avail himself of a set-off under the plea ; but the matters stated in the bill of particulars, and not set forth by averments in the plea, cannot be put in issue as part of the pleadings, by replication or demurrer.

4. PLEADING: ISSUES OF FACT MUST BE DISPOSED OF BEFORE RENDERING JUDGMENT UPON OVERRULING A DEMURRER.—It is erroneous to render judgment, upon the overruling of a demurrer, without disposing of the issues of fact presented by the pleadings.

ERROR to the Circuit Court of Rankin county. Hon. John Watts, judge.

*W. P. Harris* for plaintiff in error.

It is very manifest that the rejoinder to the replication of coverture sets out *a grievance,* but not a legal avoidance of that replication ; the grievance is not greater than that which appears in *Selph* v. *Howland,* 23 Miss. 264.

The first rejoinder will be considered. It must be borne in mind that this rejoinder is intended to support the plea of *payment,* and must be considered with reference to its proper office in the order of pleading. It is charged that Mary Vanzant took possession of a hotel belonging to defendant, under a verbal contract of sale, and paid $700 of the purchase-money, but failed to pay the balance, and to perform other stipulations by

her.   If this allegation shows that she has no cause of action, by reason of her default, the proof of it might avail the defendant under the general issue; but the plea of payment admits that the debt did exist, and consequently the rejoinder must not *deny* that the debt exists.   The plea of payment rests on a bill of particulars, and expressly avers that the plaintiffs' debt is fully paid by the plaintiffs' indebtedness to the defendant. The validity of the plaintiffs' claim cannot be called in question by a rejoinder, in support of the *cross-demand*.   Stephens' Pl. 411, 412.   If there exists any defense to the plaintiffs' demand, founded on the circumstances which gave rise to it, that defense must be tested under the appropriate issue.

A married woman cannot bind herself by a *verbal contract* to pay rent; much less can she be held liable on an implied contract, or for mere profits or damages for wrongful holding over, in a case where her husband occupies the premises with her. The law will not imply a contract by a party incapable of contracting.   A married woman may be liable in tort, but damages for torts cannot be sett-offs.   A married woman is incapable of making contracts generally.   *Robinson* v. *Brewer*, 24 Miss. 242 ; *Davis* v. *Foy*, 7, S. & M. 64.   Where her husband, with her, occupies premises wrongfully, the husband alone is liable. Wrongs are not the subject of offset.   5 Johns. 46.

It is not averred that there was a contract to pay rent, either for use or occupation, nor does it appear that the contract for purchase *was rescinded*.   Then if the contract still exists, there can be no liability on any one to pay rent.

The question which arises on the facts averred, as to the legal validity of plaintiff's claim to recover back purchase-money paid, must be tried under the general issue.   If Shelton could not maintain an action on the account against Mrs. Vanzant, then the plea of payment, with its bill of particulars, must be considered as avoided by the coverture.

As to the second rejoinder, certainly it cannot be pretended that the wife is liable on a contract for goods, wares, and merchandise.   A married woman is not liable for her contracts of this kind.   It is equally clear that she would not be liable to

any one who paid it at her request. She would not be liable for a loan of money to pay it. The fact set up in the rejoinder, that part of the plaintiffs' claim is for money paid on an account contracted by her, does not show that coverture is not a good defense to the defendant's account. The account, as explained by the rejoinder, does not constitute a legal liability against Mrs. Vanzant; it does not come within the terms of the enabling acts of 1839 and 1846.

The question of the liability to pay back the purchase-money paid under a parol contract for the sale of lands, where the contract has terminated, arises under the general issue. How far that right is affected by a default under a parol agreement, is not a question arising on the plea of payment. The defendant shows that he waived the default by accepting payment from time to time.

*D. Shelton*, for defendant in error.

I admit that the second rejoinder is not a full defence to the action, but only as to the sum of $450; but if I sustain the first rejoinder, it bars the action and sustains fully the judgment below.

The validity of the whole rejoinder turns on a single question. May a married woman, because of her coverture, recover back purchase-money paid by her under a parol agreement, without accounting for the rents received by her while she *fraudulently* refused either to execute the parol agreement or to redeliver the possession. The general principle is that money paid, in part performance of a parol contract for the purchase of land, cannot be recovered on the unwillingness or inability of the vendee to complete the purchase. 8 S. & M. 330; 12 J. R. 450; 4 Ken. 240, 467; 6 Vermont R. 67; 2 J. J. Marsh, 38.

In avoidance of this doctrine, the plaintiffs, by their replication, say that she was a married woman when the agreement was made and the money paid under it; that therefore she is not to be held to any of the consequences of such an agreement. In avoidance of which we respond to the coverture that she

took possession and fraudulently held it, and refused to execute the agreement or to redeliver possession until the rents far exceeded the sums paid by her ; and therefore that her coverture is no reason why she should recover.

There was not then, nor is there now, any statute which forbade her to purchase property with her own money ; none that forbade such an agreement as this, for by it she did not encumber her separate property.   Hutch. Code, 498, secured to her the money paid, and the use and benefits of it, separate from her husband.   Hutch. Code, 496a, section 1, enabled her with her own means to purchase and hold real estate in her own right.   The common law did not forbid her from purchasing property with her separate estate.   The agreement is one which, if it had been written and in proper form, she could have enforced against Shelton, or Shelton against her, notwithstanding her coverture. It was therefore an agreement by parties fully competent to make such a contract, and not void on account of coverture, but *voidable by either party* only because they had not executed it in due form.   The case in 8 S. & M., page 330, declares that such a contract is *voidable, not void.*

The principle of law which prohibits any person from taking advantage of his own wrong, will compel Mrs. Vanzant to account for the intervening rents to the extent of the amount *sought* by her to be recovered back.

But I take this position as applicable to civil proceedings founded on the torts of the wife ; that for those committed by her separately, or by her husband and herself jointly, both husband and wife may be sued, and they are both liable during the coverture. 2 Grattan's R. 216 ; 33 Eng. Com. L. R. 290 ; 5 Eng. Com. L. R. 422 ; 2 Kerr, 149 ; Com. Dig. Plead. 2, article 2 ; Brown on Actions at Law, 248, 249 ; Comin's Dig. Baron and Femme Y; and also note of 1 Bac. Abr. 503.

The above general principle applicable to torts applies to cases of waste committed by the husband alone, or by husband and wife jointly, when they are in possession of a freehold in right of the wife. 1 Co. on Lit. 54, a, note O and P ; Coke's Just. page 303. note 7 ; 5 Co. R. 76, Clifton's case.   It is also recognized by

Vanzant et ux. *v.* Shelton.

Littleton's text, Co. on Lit. 352, a, section 667, 668; also 354, a, section 675, also page 355. Unless the recovery be had during coverture, the husband surviving is not liable; but the wife surviving is liable for the waste committed during the coverture. See 1 Co. on Lit. 54, a, note O. and P; 5 Co. R. 76.

There is a single exception to this rule, that the wife is liable for torts committed by her during coverture. That exception is in trover and conversion, and the reason of the exception is that a married woman cannot hold personal property. Such a principle, I suppose, would not apply in cases of trover and conversion by the wife in this State, when the wife may hold personalty in possession.

HANDY, C. J., delivered the opinion of the court.

This action was brought by the plaintiffs in error upon a general allegation of *indubitatus assumpsit*, with a bill of particulars accompanying the declaration, for certain sums of money paid by the plaintiffs for the defendant's use, and for certain sums had and received. The defendant pleaded: 1, the general issue; and 2, payment of the sums of money demanded before the institution of the suit; and with the latter plea, a bill of particulars was filed by way of set-off, containing, among other things, a charge for use and occupation of the Brandon Hotel, from 1st of September, 1854, to March 15, 1856, at $800 per year, amounting to $1,233.33. The plaintiff replied to this second plea, that at the time said set-offs accrued, the plaintiff, Mary Vanzant, was a married woman, and wife of Edward Vanzant. To this the defendant rejoined, in substance, that before the accrual of the plaintiff's cause of action, the defendant, being the owner of the Brandon Hotel and premises, made a verbal contract to sell the same to Mrs. Vanzant upon terms which are stated, and, under that contract, that plaintiff went into possession of the premises, and, in right of the wife, kept a hotel thereon, and during said occupancy paid at different times sums amounting to $700, in part payment of the purchase-money, but failed, and refused to comply with the terms of said agreement of purchase, and held possession of the

22

premises in right of the wife, against the will of defendant, but under the verbal contract, which use and occupation he avers were worth $1,233.33. He avers that he was always ready and willing to execute the verbal agreement on his part, but that plaintiffs fraudulently refused to execute the same.

The plaintiffs demurred to this rejoinder, upon the following grounds: 1. That it was no avoidance of the replication. 2. That it is a departure from the plea, and sets up a new defence. 3. It does not show that Mary Vanzant was liable, notwithstanding her coverture. 4. It sets up matter of evidence under the general issue.

The demurrer was overruled, and leave given to the plaintiffs to answer over; which they failed to do.

A second rejoinder was filed, which alleges that, after the making of said verbal contract, Mrs. Vanzant purchased goods for the use and purpose of carrying on said hotel, from Shelton & Co., set forth in certain exhibits filed, of which firm defendant was a partner, who gave her credit with the firm by assuming to pay for goods furnished and money advanced to her, which he was induced to do by her assurance that she would carry out said verbal contract for the purchase of said hotel; that while said account was being made, Mrs. Vanzant paid to Shelton & Co. $100 on 26th December, 1854, being the item in the plaintiff's bill of particulars charged as of that date, and which is therein improperly stated as a deposit with the defendant; and on 27th July, 1855, she paid to the credit of said account $350, stated in a receipt of Shelton & Co. of that date, filed with the declaration; which several sums were payments to Shelton & Co., on their account, for goods furnished, etc., for the hotel.

To this the plaintiffs demurred on the following grounds:

1. That it was but a new ground of defence to the declaration, and not in avoidance of the replication. 2. It showed no legal liability of Mrs. Vanzant, notwithstanding her coverture.

This demurrer was overruled and leave given to the plaintiffs to reply over, which they failed to do, and judgment was rendered for the defendant.

On these pleadings the case stands thus: The plaintiffs sue

on account for money paid by them for the defendant, and for money had and received by him to their use. The defendant pleads payment, and relies as a set-off for money due by the wife for rent of the hotel. She replies, denying her liability, by reason of her coverture. The defendant then rejoins, alleging that the sum claimed in the plaintiffs' declaration to have been paid by them, was not paid to him for the plaintiffs' use, but was paid on the parol contract for the purchase of the hotel and premises, and, that contract being invalid, that the money was applied by him to pay his claim for use and occupation of the premises.

This is a clear departure from the ground taken in the plea of payment. In that plea, interpreted by the aid of the accompanying bill of particulars, he alleges that he had paid the sum demanded, *because the plaintiff's wife was liable to him* for the use and occupation of the hotel. But in the first rejoinder he alleges that the money claimed by her as having been paid for her use, was paid *by her*, and applied by him to the payment of his claim for use and occupation. In the one case he says she is indebted to him, in the other he says she has paid that indebtedness. In the former case she would not be liable to him, by reason of coverture; in the latter the question would arise whether he is entitled to apply the moneys so paid to his claim for use and occupation. In the former case the defence would be by way of confession and avoidance of the plaintiffs' demand; in the latter, it would be a denial of the demand; for if the money paid be properly applicable to the demand for use and occupation, the plaintiffs were not entitled to recover it back, and the defence was proper to be made as a traverse of the plaintiffs' action, and under the general issue.

The second rejoinder is still more objectionable. The plea, aided by the bill of particulars, relies on a further set-off of money assumed and paid by the defendant to Shelton & Co. for the wife, and for which she was indebted to him. The replication denies this liability, by reason of her coverture. The rejoinder then alleges that the sums of money in question were not deposited with the defendant for the plaintiffs' use, but were paid by them on the account due by them to Shelton & Co.

Thus, instead of these sums being paid by defendant for the plaintiffs, as the plea alleges, they were paid by the plaintiffs on account of Shelton & Co., according to the rejoinder. This is clearly a shifting of the defendant's ground of defence; and if it be true, as alleged in the rejoinder, it goes to show that the plaintiffs were not entitled to recover for the sums paid to Shelton & Co., and that defence was proper to have been made under the general issue. It was not a matter of *payment* by the defendant of a claim admitted by the plea to have once existed, but a traverse that the defendant was ever liable for the moneys paid to Shelton & Co.

The rejoinder should, therefore, have been held bad.

But we are of opinion that the replication is likewise bad, because it put in issue, not the matter stated in the *plea* of payment, but the matters contained in the bill of particulars filed with the plea. This is not admissible by the rules of pleading; and whilst it is true that the bill of particulars, required to be filed with a plea of payment, is an important matter to enable the defendant to avail himself of a set-off under the plea, yet the matters stated in the bill of particulars, but not set forth by proper averments in the plea, cannot be put in the issue as part of the pleadings by replication or demurrer; but it is incumbent on the plaintiff to confine his response to the matters set forth in the plea. This is required by proper rules of pleading, and it can work no prejudice to the plaintiff, nor does it preclude him of any of his legal rights in the matter. In the present case the plea of coverture neither confesses and avoids, nor traverses, the allegation of the plea, that the defendant had paid the sums demanded by the plaintiffs, and hence is no sufficient answer to the allegation. If the plaintiff sought to avoid the validity of the alleged payment, founded on the set-off relied on by reason of the want of liability of the wife for the matters of set-off, that question should have been presented by taking issue on the plea of payment; and on the trial of that issue, evidence might have been offered of her coverture, and thus the question might have been presented whether she was liable or not under the facts of the case.

The demurrer should, therefore, have been extended .back to the replication of coverture, and so far as the case depended on the pleadings, judgment should have been rendered for the defendant.

But upon the whole record, the judgment for the defendant was erroneous. There was a plea of *non assumpsit*, and also a replication traversing the plea of payment; both of which issues were undisposed of, after the demurrer to the rejoinders was overruled. And it was error to render judgment upon the over-ruling of the demurrer, without disposing of the issues of fact presented by the pleadings.

The judgment is reversed, and the cause remanded for further proceedings, in accordance with the views herein stated.